

Case 5:20-cv-00082-JPB   Document 1   Filed 04/23/20   Page 1 of 5   PageID #: 1


# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# AT WHEELING

ELECTRONICALLY FILED
**04/23/2020**
U.S. DISTRICT COURT
Northern District of WV

**TECNOCAP, LLC,**

    **Plaintiff,**

**v.**

Civil Action No. 5:20-CV-82

Judge: Bailey

**UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INT'L UNION AFL-CIO, CLC, and its LOCAL UNION NO. 152M,**

    **Defendants.**

## COMPLAINT AND MOTION TO VACATE ARBITRATION AWARD

Comes Now the Plaintiff, Tecnocap, LLC, through its undersigned counsel of record, to file this Complaint and move for an order vacating the Arbitration Opinion and Award of Arbitrator Gardner dated March 23, 2020. In support of this Complaint and Motion, Tecnocap, LLC avers as follows:

1. Plaintiff Tecnocap LLC is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at 1701 Wheeling Avenue, Glen Dale, West Virginia 26038.

2. Defendant United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union AFL-CIO, CLC Local Union No. 152M (hereinafter referred to as "Union"), is a labor organization and its duly

authorized officers or agents are engaged in representing or acting for its employee members in Glendale, West Virginia.

3. Plaintiff operates a manufacturing facility located at 1701 Wheeling Avenue, Glen Dale, WV where it is involved in the manufacture, distribution and sale of metal closures in interstate commerce and as such is an employer in an industry affecting commerce, within the provisions of Section 301 of the Labor-Management Reporting Act (LMRA) 29 U.S.C. §185.

4. The Union is the duly certified exclusive bargaining representative for all hourly rated production and maintenance employees, including warehousemen, at the Plaintiff's facility in Glen Dale, West Virginia. Accordingly, the Union is a labor organization representing employees in an industry affecting commerce, within the provisions of Section 301 of the LMRA.

5. This action arises under and jurisdiction is conferred on this Court by virtue of Section 301 of the LMRA and also under the Federal Arbitration Act 9 U.S.C. §10.

6. Venue is proper with this Court pursuant to 28 USC §1391 because the cause of action has arisen in this district.

7. Plaintiff terminated Lee Conway's employment by letter dated March 20, 2018;

8. Defendants filed a grievance concerning said termination;

9. Plaintiff filed a civil action with this Court challenging arbitrability and seeking an injunction to prohibit arbitration, said civil action being assigned 5:18-CV-119;

10. This Court denied the Plaintiff its requested relief, ruled the matter was arbitrable, and ordered the parties to proceed to arbitration;

11. The parties did arbitrate the matter before Arbitrator Gardner on February 17, 2020;

12. Arbitrator Gardner issued an opinion and award dated March 23, 2020 finding in favor of Lee Conway and ordering his reinstatement with back pay. A copy of Arbitrator Gardner's Arbitration Award is attached hereto as "Exhibit 1;"

13. While judicial review of arbitration awards is limited, courts should overturn arbitration awards if it violates well settled and prevailing public policy, fails to draw its essence from the collective bargaining agreement, and/or reflects the arbitrator's own notions of right and wrong. An arbitrator cannot ignore the plain language of the contract to impose his own notions of industrial justice. *See e.g.* Mountaineer Gas Co. v. Oil, Chem. & Atomic Workers Int'l Union, 76 F.3d 606, 608 (4th Cir. 1996) *citing* United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 38 (1987);

14. The Arbitrator's Award violates well settled and prevailing public policy, fails to draw its essence from the collective bargaining agreement, and/or reflects the arbitrator's own notions of right and wrong and amounts to an imposition of his own notion of industrial justice including, but not limited to, the following:

   a. The Arbitrator ruled the matter to be arbitrable even though the collective bargaining agreement had expired at the time of Conway's termination letter;

   b. The Arbitrator ruled that Plaintiff must show just cause by clear and convincing evidence for Conway's termination even though the

collective bargaining agreement was inapplicable at the time of his termination letter;

c. The Arbitrator found Plaintiff failed to produce clear and convincing evidence that Conway sabotaged the line by turning off various airlines, removing and concealing a camera necessary for the operation of the line, and shutting down the line in a manner inconsistent with company policies and procedures despite the fact that Conway admitted to some of those acts and no evidence exists to the contrary;

d. The Arbitrator ruled that Plaintiff failed to conduct an investigation despite the fact that numerous photographs were taken documenting the events, some of which were admitted into evidence and the testimony of witnesses describing the investigation that took place in the absence of evidence challenging the authenticity or truthfulness of the evidence;

e. The Arbitrator awarded full back pay without considering or requiring the reimbursement of unemployment and other government funding received by Conway and thus overcompensating him for his damages;

f. The Arbitrator failed to reduce Conway's back pay due to his failure to mitigate his damages as Conway testified he applied only to jobs requiring possession of certificates or qualifications which he did not possess;

    g. The Arbitrator failed to retain jurisdiction and hold a proper hearing for the purpose of receiving evidence in regards to Conway's monetary loss;

    h. The Arbitrator failed to hear evidence and/or reconcile Conway's representation that he is physically unable to work due to disability with his claim for back pay and reinstatement;

15. In the morning of April 16, 2020 Plaintiff provided notice to Conway by way of Defendants' counsel as well as the Union Local President for him to return to work for the afternoon shift of April 17, 2020 pursuant to the Arbitrator's ruling;

16. Conway did not return to work nor did he call to report he would not be returning to work on April 17, 20, 21, and 22, 2020.

**WHEREFORE,** Plaintiff respectfully requests that this Court reverse and/or vacate, in whole or in part, the Arbitrator's Award, including, but not limited to, his finding that Conway was improperly discharged, that he is due reinstatement, that he is due full and unmitigated back pay and provide this Plaintiff with all other relief which it finds to be equitable and just.

                                                Respectfully Submitted,

                                        Bradley K. Shafer (WV 7794)
                                        Mintzer Sarowitz Zeris Ledva & Meyers
                                        48 Fourteenth Street, Suite 200
                                        Wheeling, WV 26003
                                        P: (304) 241-2976 F: (423) 500-3800
                                        bshafer@defensecounsel.com
                                        Counsel for Plaintiff Tecnocap LLC